## Dooley *v.* El Registrador de la Propiedad.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Juan.

No. 27.—Resuelto en marzo 26, 1907.

Inscripción—Bienes Propios de Cada Cónyuge.—Un contrato de venta de bienes inmuebles, otorgado á favor de la mujer, con la concurrencia del marido, al efecto de aceptar y ratificar la escritura y dar su consentimiento para que se inscriba en el registro á nombre de la mujer, como de su sola y exclusiva propiedad, es inscribible en esa forma, pues la simple conjetura de que pueda envolver una donación entre marido y mujer, prohibida por el artículo 1301 del Código Civil, no puede servir para invalidar dicho contrato, que aparece perfecto y revestido de todos los requisitos necesarios para su validez.

Bienes Gananciales.—Aunque se reputan gananciales todos los bienes del matrimonio mientras no se pruebe que pertenecen privativamente al marido ó á la mujer; ésta es una presunción *juris tantum*, sujeta á prueba en contrario, y por consiguiente, pudiendo la mujer, por lo que respecta al caso de autos, acreditar en todo tiempo que los bienes son de su exclusiva propiedad, no hay motivo que impida inscribirlos así, pues esto no prejuzga definitivamente la cuestión de propiedad de dichos bienes, y siempre queda á las partes su derecho á salvo para ejercitarlo como lo estimen más conveniente.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Texidor.*

El Juez Presidente Sr. Quiñones emitió la opinión del tribunal.

Visto el presente recurso gubernativo interpuesto por Mrs. Elisa B. K. Dooley contra nota denegatoria del Registrador de la Propiedad de San Juan á inscribir una escritura de compra-venta de terreno.

*Resultando:* que por escritura pública otorgada en esta Capital, ante el abogado y notario de la misma Don Jacinto Texidor y Alcalá del Olmo, en 16 de julio del año próximo pasado, Mr. Fred E. Burnett, vendió á Mrs. Elisa B. K. Dooley, con asistencia y consentimiento de su esposo Mr. Henry W. Dooley, un solar radicado en el sitio del Machuchal, barrio de Santurce, de las dimensiones y con las colindancias que en la misma escritura se determinan, en precio y cantidad de

1000 dollars que el vendedor confesó recibidos, manifestando el compareciente, Sr. Dooley, que aceptaba y ratificaba la expresada escritura en todas sus partes para que se inscribiera en el registro de la propiedad, á nombre de Mrs. Dooley como su sola y separada propiedad; y que presentada dicha escritura en el registro de la propiedad de esta capital para su inscripción, le fué denegada por el registrador por los motivos que expresa la nota que puse al pie de la misma, y que, copiada á la letra, dice así:

"No admitida la inscripción del anterior documento porque, según los artículos mil trescientos diez y seis, mil trescientos veinte y dos del Código Civil, son gananciales todos los bienes adquiridos durante el matrimonio á título oneroso, mientras no se pruebe que pertenecen privativamente al marido ó á la mujer, porque en dicho documento no se justifica, ni se alega siquiera, que el capital invertido en la adquisición, proceda del patrimonio particular de la Sra. Dooley, ni se expresa motivo alguno por el cual deba hacerse la inscripción á favor de la citada Sra. Dooley como bienes propios, consignándose solamente la voluntad del esposo para que se verifique en esa forma, la cual puede constituir la donación que prohibe el artículo mil trescientos uno de dicho Código; y se ha extendido la anotación preventiva correspondiente por el término legal al folio cuarenta y uno vuelto del tomo cincuenta de esta ciudad, finca dos mil ciento veinte y seis, anotación letra "A.".—San Juan, Puerto Rico, noviembre veinte y siete de 1906."

*Resultando:* que contra esta nota ha interpuesto en tiempo el abogado Don Jacinto Texidor, á nombre de Mrs. Elisa B. K. Dooley, asistida de su esposo Henry W. Dooley el presente recurso gubernativo, para que se revoque dicha nota y se ordene al registrador que inscriba la escritura con las costas.

*Considerando:* que la simple conjetura hecha por el registrador sin comprobante alguno que la justifique, de que atendidos los términos en que aparece redactada la escritura de que se trata pueda envolver una donación entre marido y mujer, prohibida por el artículo 1301 del vigente Código Civil, no puede servir para invalidar un contrato de compra-venta

que aparece perfecto y revestido de todos los requisitos necesarios para su validez.

*Considerando:* que si bien con arreglo al artículo 1322 del mismo Código "se reputan ganaciales todos los bienes del matrimonio mientras no se pruebe que pertenecen privativamente al marido ó á la mujer," esta es una presunción "juris tantum" sujeta al resultado de las pruebas en contrario; y por consiguiente, que pudiendo acreditar la Sra. Dooley en todo tiempo que el solar es de su exclusiva propiedad, no hay motivo que impida inscribirlo á su nombre, toda vez que con esto no se prejuzga definitivamente la cuestión de propiedad del solar, y que siempre queda á las partes su derecho á salvo para ejercitarlo como lo estimen más conveniente á sus intereses.

*Considerando,* por tanto, que no conteniendo la escritura ningún defecto insubsanable, que impida su inscripción en el registro de la propiedad, debe el registrador inscribirla.

*Visto* el artículo citado del vigente Código Civil, el 65 de la Ley Hipotecaria y el 110 del Reglamento.

*Se revoca* la nota denegatoria puesta por el registrador de la propiedad de esta capital al pie de la escritura de que se trata, la que procederá á inscribirla, y devuélvasele con copia certificada de la presente resolución para su cumplimiento y demás efectos procedentes.

*Revocada.*

Jueces concurrentes : Sres. Hernández, Figueras, MacLeary y Wolf.